# United States Bankruptcy Court
## for the District of Oregon

Frank R. Alley, III, Judge
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

May 2, 2007

Mr. Paul Garrick
PO Box 460
Eugene, OR  97440

Mr. Kent Anderson
888 West Park Street
Eugene, OR  97401

RE:   Case No. 06-62670-fra13   ERICK & KATHERINE VAN ABKOUDE

Gentlemen:

     I am prepared to enter an order confirming the proposed modified plan of reorganization in the above-referenced case, with two exceptions, as discussed in this letter.

     Paragraph 14 of the modified plan provides that the plan "generally" rejects contractual provisions requiring binding arbitration or alternative dispute resolution.  The plan states that "specifically, any binding arbitration agreement with JK Harris, Professional Financing Services or their affiliated organizations is rejected."

     My concerns with this provision are two-fold:  first, the provision is superfluous.  The proposed plan, at paragraph 3, provides that all executory contracts are rejected.  It is unnecessary to reject particular provisions of an already rejected contract.

     Moreover, the approach is procedurally defective.  The Federal Arbitration Act, 9 U.S.C. §§ 2 and 3, provide that arbitration agreements are generally to be enforced by federal courts.  The Act provides a procedural basis for reviewing, and, where appropriate, enforcing binding arbitration provisions.  I understand that the Debtor intends to commence an action against JK Harris.  If and when that occurs, Harris can apply to the Court for an order abating the adversary proceeding in favor of binding arbitration.  At that time the Court can determine whether the Debtors' rejection of the contract also operates to relieve them of the effect of the arbitration agreement.

Mr. Garrick and Mr. Anderson
Case No. 06-62670-fra13  ERICK & KATHERINE VAN ABKOUDE
May 2, 2007
Page - 2

      Paragraph 15 of the proposed plan provides for payment of tax claims for the tax year 2006 under Code § 1305. It provides that "tax liabilities shall not exceed $10,000." I assume that this means that the Debtors stipulate to a § 1305 claim not to exceed $10,000. This does not, of course, mean that the taxing authorities cannot file larger claims, subject to dispute. Moreover, the proposed language does not allocate the $10,000 limit between the Internal Revenue Service and the Oregon Department of Revenue.

      The foregoing discussion constitutes the Court's findings of fact and conclusions of law. A form of order confirming the modified plan filed as Document No. 20 should be submitted. The order should provide that paragraphs 14 and 15 are deleted.

                              Very truly yours,

                                FRANK R. ALLEY, III
                                Bankruptcy Judge

FRA:bdi